UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRI POPOVICH,<br><br>    Plaintiff<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | No. 2:23-cv-00565<br><br>COMPLAINT FOR DECLARATION OF RIGHTS TO BENEFITS, FOR RECOVERY OF BENEFITS AND FOR CLARIFICATION OF RIGHTS TO FUTURE BENEFITS |

COMES NOW THE PLAINTIFF, Terri Popovich, and alleges as follows:

**I. NATURE OF ACTION**

1.1  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and specifically under 29 U.S.C. § 1132(a)(1)(B).

1.2  Plaintiff brings this action for the purpose of recovering benefits under the terms of an ERISA-governed employee benefit plan, enforcing her rights under that Plan, and clarifying her rights to future benefits under the Plan.

COMPLAINT - 1
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342

## II. JURISDICTION AND VENUE

2.1  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

2.2  Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## III.  PARTIES

3.1  Plaintiff Terri Popovich is an adult residing in Mt. Vernon, Washington.

3.2  Defendant Hartford Life and Accident Insurance Company is a foreign corporation transacting business in the Western District of Washington.

## IV.  FACTUAL ALLEGATIONS

4.1  Defendant Hartford Life and Accident Insurance Company ("Hartford") is a foreign corporation authorized to sell insurance, including disability insurance, in Washington State. Hartford resides, or may be found, in the Western District of Washington.

4.2  Plaintiff is employed by The Boeing Company ("Boeing").

4.3  Boeing provides various benefits to its employees under The Boeing Company Employee Health and Welfare Benefit Plan (referred to at times below as "the Plan").

4.4  The Boeing Company Employee Health and Welfare Benefit Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).

4.5  Plaintiff is an "employee" of Boeing as that term is defined at 29 U.S.C. § 1002(6).

4.6  Plaintiff is a "participant" of the Plan as that term is defined at 29 U.S.C. § 1002(7).

4.7  Plaintiff is a "beneficiary" of the Plan as that term is defined at 29 U.S.C. § 1002(8).

4.8  Hartford issued an insurance policy to Boeing to fund and insure the Plan's long-term disability ("LTD") benefits, Policy Number GLT-804880 ("the Policy").

COMPLAINT - 2
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342

4.9  Hartford exercises authority or control respecting the management or disposition of Plan assets and is therefore a "fiduciary" of the Plan as that term is defined by 29 U.S.C. § 1002(21); and/or is a "named fiduciary" of the Plan pursuant to 29 U.S.C. § 1133(2); and/or is a "designated fiduciary" of the Plan pursuant to 29 U.S.C. § 1105(c)(1)(B).

4.10  Alternatively or additionally, Hartford is a "functional" fiduciary.

4.11  The Policy states in relevant part:

**Disability** or **Disabled** means You are prevented from performing one or more of the Essential Duties of:

  1) Your Occupation during the Elimination Period;

  2) Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and

  3) after that, Any Occupation.

4.12  The Policy further states in relevant part:

Your Disability must result from :

  1) accidental bodily injury;

  2) sickness;

  3) Mental Illness;

  4) Substance Abuse; or

  5) pregnancy.

4.13  The Policy further states in relevant part:

Essential Duty means a duty that:

  1) is substantial, not incidental;

  2) is fundamental or inherent to the occupation ; and

  3) cannot be reasonably omitted or changed.

COMPLAINT - 3
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342

>Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty.

4.14  Long-term disability benefits are paid to a qualified Plan participant who becomes disabled under the Plan's terms, following a 26-week "Elimination Period" during which no benefits are paid.

4.15  Boeing does not leave its employees without disability coverage during that 26-week Elimination Period, as it provides paid short-term disability ("STD") leave for up to 26 weeks.  The Plan's Summary Plan Description defines "Disabled" for STD purposes in terms very similar to the definition of "Disabled" for LTD purposes, stating as follows:

>You become disabled as a result of accidental injury, illness, or a pregnancy-related condition and your accidental injury, illness, or pregnancy-related condition prevents you from performing the material duties of your own occupation or other appropriate work the Company makes available. Additionally, you must be
>
>• Under the care of a physician throughout your disability. You also may be required to be examined by a physician chosen by the service representative as often as reasonably necessary to verify your disability.
>
>• Earning 80 percent or less of your indexed predisability earnings.

4.16  Plaintiff became disabled within the meaning of the Plan and/or the Policy on or about March 21, 2022, in that, due to sickness, she was unable to perform one or more of the essential duties of her occupation, and her earnings fell to less than 80% of her "Indexed Pre-disability Earnings."  In fact, her earnings fell to zero, as she was unable to work at all.

4.17  Plaintiff applied for STD benefits.  Boeing's third-party administrator for its STD plan, The Reed Group, found Plaintiff disabled for the maximum 26-week period of paid STD leave, from March 21, 2022 through September 18, 2022.

4.18  Plaintiff's health and functional capacity did not improve from September 18, 2022 to September 19, 2022.

COMPLAINT - 4
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342

4.19  As of September 19, 2022, Plaintiff remained disabled within the meaning of the Plan and/or the Policy, in that, due to sickness, she continued to be unable to perform one or more of the essential duties of her occupation, and her earnings remained well below 80% of her "Indexed Pre-disability Earnings."  She had no earnings, as she was unable to work at all.

4.20  Plaintiff was thus eligible for and entitled to receive LTD benefits under the Plan as of September 19, 2022, when the 26-week Elimination Period ended.

4.21  Hartford denied Plaintiff's application for LTD benefits under the Plan.

4.22  Plaintiff appealed Hartford's denial of her application for long-term disability benefits on or about February 7, 2023. She provided records and reports from her doctors and from an independent evaluator demonstrating that she had been and remained disabled under the terms of the Plan and/or Policy.

4.23  Hartford received Plaintiff's appeal on February 10, 2023.

4.24  Pursuant to 29 C.F.R. § 2560.503-1(i)(1)(i) and (i)(3)(i), Hartford was required to notify Plaintiff of its determination on her appeal within 45 days, that is, by March 27, 2023.

4.25  Pursuant to 29 C.F.R. § 2560.603-1(i)(1)(i) and (i)(3)(i), Hartford was allowed additional time beyond those 45 days only if "special circumstances" existed.

4.26  No special circumstances existed which allowed Hartford to take longer than 45 days to make a determination on Plaintiff's appeal.

4.27  Hartford nevertheless claimed, falsely, that "special circumstances" existed that warranted it to take more than 45 days to decide Plaintiff's appeal.

4.28  Hartford violated the ERISA claims management regulations in this way in order to continue its efforts to find some basis to justify its wrongful denial of Plaintiff's benefit claim.

COMPLAINT - 5
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342

Each time Plaintiff or her doctors rebutted Hartford's justifications for denying the benefit claim, Hartford sought new, and unfounded, medical opinions to respond to those rebuttals.

4.29  Hartford failed to comply with the requirements of 29 C.F.R. § 2560.503-1(i)(1)(i) regarding any extension of the time in which to make a determination regarding Plaintiff's appeal, and thereby failed to establish and/or follow reasonable claims procedures.

4.30  Hartford regularly and routinely violates ERISA in that, without basis and without any "special circumstances" to justify doing so, it fails to decide participants' appeals within the 45 days allowed by ERISA's claims management regulations.

4.31  Pursuant to 29 C.F.R. § 2560.503-1(h)(3)(iii) and 29 C.F.R. § 2560.503-1(h)(4), Hartford was required to ensure that a "health care professional" reviewing an appeal of an adverse benefit determination have "appropriate training and experience in the field of medicine involved in the medical judgment[.]"

4.32  Hartford failed to comply with this requirement, in that when managing Plaintiff's appeal it obtained opinions from health care professionals without determining whether they had appropriate training and experience, and, when presented with information demonstrating or tending to demonstrate that those consultants were unqualified, Hartford nevertheless relied upon their opinions to justify denying Plaintiff's appeal.

4.33  Hartford has failed to establish administrative processes and safeguards, as those terms are used in 29 C.F.R. § 2560.503-1, to ensure and verify appropriately consistent decision making.

4.34  Hartford has failed to train and/or supervise its employees and/or has failed to ensure that its employees managing appeals, are aware of, and follow, ERISA claims regulations,

COMPLAINT - 6
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342

and to ensure that those employees are aware of, or follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

4.35  Hartford denied Plaintiff's appeal on April 11, 2023.

4.36  Plaintiff has been and remains disabled under the terms of the Plan since on or about March 21, 2022, and thus eligible for, and entitled to receive, long-term disability benefits under the Plan since on or about September 19, 2022.

## V.  STATEMENT OF CLAIMS

5.1  Plaintiff re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.36 above.

5.2  Plaintiff has been continuously disabled under the terms of the Plan since on or about March 21, 2022, and thus eligible for, and entitled to receive, long-term disability benefits under the Plan since on or about September 19, 2022.

5.3  By denying Plaintiff was disabled under the terms of the Plan, and by refusing to pay her long-term disability benefits, Defendant violated the terms of the Plan and denied Plaintiff her rights under the Plan.

5.4  Plaintiff seeks to recover the long-term disability benefits due her under the Plan and to enforce her rights under the Plan.

5.5  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court, as described below, that she has been continuously disabled under the terms of the Plan since on or about March 21, 2022, and thus eligible for, and entitled to receive, long-term disability benefits under the Plan since on or about September 19, 2022.

COMPLAINT - 7
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342

## VI.  PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1  That this Court declare that Plaintiff has been disabled within the meaning of the Plan since or about March 21, 2022, and thus eligible for, and entitled to receive, long-term disability benefits under the Plan since on or about September 19, 2022.

6.2  That this Court declare that Defendant, by denying Plaintiff's application for long-term disability benefits, violated the terms of the Plan and denied Plaintiff her rights under the Plan;

6.3  That this Court order Defendant to pay Plaintiff all long-term disability benefits accrued and unpaid since on or about September 19, 2022 through the time of trial, together with prejudgment interest;

6.4  That this Court enjoin Defendant from improperly refusing to provide long-term disability benefits to Plaintiff in the future;

6.5  That this Court award Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

6.6  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

Dated this 12th day of April 2023.

LAW OFFICE OF MEL CRAWFORD

By s/*Mel Crawford*
     Mel Crawford, WSBA #22930
     Attorney for Plaintiff
     melcrawford@melcrawfordlaw.com

COMPLAINT - 8
No. 2:23-cv-00565

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
Tel 206.694-1614  Fax 206.905-2342